R00160.aa1



NUMBER 13-00-160-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


ARISTEO JAIMEZ BENITEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 194th District Court of Dallas County, Texas.

____________________________________________________________________


MEMORANDUM OPINION


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa

A jury found appellant, Aristeo Jaimez Benitez, guilty of possession with intent to deliver heroin in the amount of four or
more grams, but less than two hundred grams. (1) The jury found that appellant used a deadly weapon in the commission of
the offense, (2) and the trial court assessed his punishment at imprisonment for twenty-five years.

By eight points of error, appellant challenges: (1) the legal and factual sufficiency of the evidence that he possessed the
heroin; (2) the legal sufficiency of the evidence that he was conscious of his connection with the contraband and knew it
was heroin; (3) the factual sufficiency of the evidence that he knew the heroin was in the car; (4) the legal and factual
sufficiency of the evidence that he intended to deliver the heroin; and (5) the legal and factual sufficiency of the evidence
that a deadly weapon was used in the commission of the offense. We affirm.

Because this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

A. Legal Sufficiency


When we review the legal sufficiency of the evidence, we look at all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The
sufficiency of the evidence is measured by the hypothetically correct jury charge, which accurately sets out the law, is
authorized by the indictment, and does not unnecessarily increase the State's burden of proof. Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997). The jury, as the sole judge of the credibility of the witnesses and the weight to be given
their testimony, is free to accept or reject all or any part of the testimony of any witness. Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

After reviewing the evidence in the light most favorable to the verdict, we hold that any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Therefore, we hold the evidence is legally sufficient
to support appellant's conviction.

B. Factual Sufficiency


When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if it is
so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Clewis v. State, 922
S.W.2d 126,133-34 (Tex. Crim. App. 1996). We are not bound to view the evidence in the light most favorable to the
prosecution, and may consider the testimony of all the witnesses. Johnson v. State, 23 S.W.3d at 10-12. Disagreeing with
the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice; otherwise, due deference must be accorded the fact finder's determinations, particularly
those concerning the weight and credibility of the evidence. Id.

After reviewing all of the evidence, we hold that the verdict is not so against the overwhelming weight of the evidence that
it is manifestly unjust and clearly wrong. Therefore, we hold that the evidence is factually sufficient to support appellant's
conviction.

Appellant's eight points of error are overruled.

The judgment of the trial court is affirmed. 



FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

9th day of August, 2001.

1. See Tex. Health & Saf. Code Ann. § 481.112(a), (d) (Vernon Supp. 2001).

2. See Tex. Code Crim. Proc. Ann. art. 42.12(a)(17)(A) (Vernon Supp. 2001).